UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
AUG 27 2001
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| VERITA KING, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CV-01-PT-0329-M |
| BELLSOUTH TELECOMMUNICATIONS, INC., | ) | |
| Defendant. | ) | |

ENTERED
AUG 27 2001

## MEMORANDUM OPINION

This cause comes to be heard upon defendant BellSouth Telecommunications, Inc.'s ("BellSouth") Motion for Summary Judgment, filed on July 2, 2001.

### FACTS

Plaintiff Verita King ("plaintiff") is a former BellSouth employee in Birmingham, Alabama, who retired from the company in 1998. Throughout her employment, in a non-managerial position, the plaintiff was part of a collective bargaining unit represented by the Communications Workers of America ("CWA"). This cause of action arises out of a grievance filed by the CWA on the plaintiff's behalf after she retired. The plaintiff claims that BellSouth wrongfully denied her a certain retirement option that it granted to other personnel of her job description. The retirement option in question was known as an "ESIPP," or an Expanded Suppplemental Income Protection Program, by which, in the event of a labor surplus, an employee would volunteer to leave the company and would be paid under a special payment

1

19

program. The ESIPP option is part of the collective bargaining agreement entered into by the CWA and BellSouth. Employees volunteer for the ESIPP by signing an "irrevocable acknowledgment" that they would leave the company if presented with an opportunity to receive the ESIPP. The plaintiff signed such an acknowledgment. However, when a labor shortage arose in the plaintiff's department, several of the plaintiff's co-workers were offered an ESIPP, while the plaintiff was not. BellSouth claims that it did not offer the plaintiff the ESIPP because it would have taken over fourteen weeks to train her replacement, a reason that, if true, would justify the denial of the ESIPP option under the express language of the contract. The plaintiff disputes BellSouth's determination that fourteen weeks would be necessary to train the replacement.

The CWA filed a grievance on behalf of the plaintiff, and pursued it through all four steps of the BellSouth grievance process. The grievance was not resolved by the parties, and the CWA chose to not appeal the denial to arbitration, based on its determination that, pursuant to the contract, the grievance was not arbitrable. The plaintiff subsequently filed this action on February 2, 2001.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment is to be granted if there is no genuine issue of material fact. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. The evidence of the non-moving party is to be believed, and the court is not to attempt to perform jury functions such as credibility determinations. Id. After considering everything in the record, all permissible inferences are to be drawn in favor of the

2

non-moving party. Clinkscales v. Chevron USA, Inc., 831 F.2d 1565, 1570 (11th Cir. 1987).

When the non-moving party has the burden of proof at trial, it must come forward with sufficient evidence on each element that must be proved. Earley v. Champion International Corp., 907 F.2d 1077, 1080 (11th Cir. 1990). If the evidence is merely colorable or is not significantly probative, summary judgment may be proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511 (1986). Summary judgment is appropriate if on any element there would be insufficient evidence to require submission of the case to a jury. Earley, 907 F.2d at 1080. "The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such circumstances, there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 (1986).

## THE COMPLAINT

The plaintiff's one-count complaint begins by noting the provision of ESIPP benefits under the collective bargaining agreement with the CWA. However, Count One, "For Denial of Severance Benefits," does not expressly designate the body of law pursuant to which the claim is brought. The plaintiff pleads the exhaustion of her administrative remedies. In paragraph 6, the plaintiff states that the denial of benefits "was wrong, constituted a breach of BellSouth's contract, constituted of breach of BellSouth's obligations under the agreement, and was arbitrary and/or capricious." The plaintiff claims monetary loss through loss of the benefits set forth

within the collective bargaining agreement.

## ARGUMENT

Initially there was a dispute concerning the characterization of plaintiff's complaint. Defendant BellSouth characterizes the plaintiff's complaint as a "breach of contract" claim based upon the allegations of a breach of the collective bargaining agreement. BellSouth then argues that the plaintiff's breach of contract claim is preempted by Section 301 of the Labor Management Relations Act (LMRA). See Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968)(LMRA completely preempts state law claims relating to labor/management relations contracts). Because Section 301 of the LMRA preempts the plaintiff's claim, BellSouth argues, the claim necessarily fails for two reasons: (1) It is time barred; (2) The plaintiff cannot prove an essential element.

BellSouth contends that the plaintiff's claim is time-barred because, under section 10(b) of the LMRA, an employee must file her complaint within six months of "the point where the grievance procedure has been exhausted or otherwise breaks down to the employee's disadvantage," citing Hayes v. Reynolds Metals Co., 769 F.2d 1520, 1522 (11th Cir. 1985). BellSouth argues that the statute of limitations began to run on the plaintiff's claim on or about March 14, 2000, when the Union gave her a final notice that her grievance would not be arbitrated. Therefore, it claims, because the statute began to run on March 14, 2000, and the plaintiff did not file her complaint until February 2, 2001, the six month statute of limitations had run before her complaint was filed.

BellSouth also argues that the plaintiff cannot prove an essential element of a breach of contract claim under Section 301 of the LMRA. According to BellSouth, citing Vaca v. Sipes,

4

386 U.S. 171, 186-87 (1967), an employee covered by a collective bargaining agreement who sues the employer for breach of that agreement must show a breach of the duty of fair representation on the part of her bargaining representative, regardless of whether she sues the union. See also, Proudfoot v. Seafarer's Int'l. Union, 779 F.2d 1558, 1559 (11th Cir. 1986). BellSouth notes that the plaintiff, in her deposition, has admitted that CWA represented her through all of the steps of the grievance process, and that she does not dispute its decision to not arbitrate her grievance. BellSouth also notes that the plaintiff has acknowledged that, pursuant to the collective bargaining agreement, CWA was not permitted to arbitrate her grievance.

The plaintiff characterizes her claim as one that relates to employee welfare benefits, and contends that it is preempted, not by the LMRA, but by ERISA. She claims that the ESIP fits the definition of an employee welfare benefit, and that a suit for wrongful denial of an ESIP would implicate ERISA instead of the LMRA. The plaintiff argues that, while Section 301 of the LMRA super-preempts state law, there is no case law supporting the proposition that the LMRA preempts an ERISA claim. She contends that the only relationship between her suit and the LMRA is that the ESIPP was a benefit provided by a collective bargaining agreement. As further support that she intended to file an ERISA claim, the plaintiff has attached to the her opposition to summary judgment a copy of the civil cover sheet for her complaint, on which a box labeled "Empl. Ref. Inc. Security Act" is checked.

The plaintiff argues that her case has been brought pursuant to ERISA section 1132. She notes that exhaustion of her administrative remedies is not at issue, and asserts that the defendant should be estopped from arguing that her claim should have been arbitrated by the provision in the collective bargaining agreement that bars arbitration of ESIPP grievances. The plaintiff also

5

contends that, because the claim is not preempted by the LMRA, she is not required to prove a breach of the duty of fair representation. She further argues that, because her claim is not preempted by the LMRA, the six-month statute of limitations does not apply. Instead, the plaintiff asserts, an ERISA claim assumes the statute of limitations of the common-law claim that most closely resembles the plaintiff's action. She argues that because the most closely analogous claim is breach of contract, this court should apply the Alabama statute of limitations for breach of contract, which is six (6) years. Ala. Code § 6-2-34(9). Because she filed her complaint within six years of the alleged breach, the plaintiff argues, her claim is not time-barred.

BellSouth replies, first, by noting that the plaintiff's complaint does not mention ERISA in any way. It argues that the cover sheet is not part of the Complaint, and claims that the civil cover sheet was not served with the Summons and Complaint. BellSouth contends that, having received no notice that the plaintiff actually was asserting an ERISA claim, it assumed, from the complaint's many references to a breach of the collective bargaining agreement, that the plaintiff was bringing an action based upon an alleged breach of a labor contract. Relying on such assumption, BellSouth asserts, it prepared its answer to properly respond to a labor contract dispute. BellSouth argues that if the plaintiff actually intended to plead an ERISA claim, the complaint fails to comply with basic requirements of Rule 8(a): a plain statement of the nature of the claim and a demand for judgment for the relief sought. BellSouth contends that the plaintiff has failed to state a proper ERISA claim, and that, even if this court finds that she did not intend to state a claim for breach of a labor contract, the complaint should be dismissed.

## CONCLUSION

On August 20, 2001, the court conducted a recorded phone conference. The plaintiff

conceded that her only claim is an ERISA claim. It was agreed that the action would proceed as such, with defendant having leave to file, within 21 days, a separate motion for summary judgment addressed to the ERISA claim. The court will dismiss any purported claims except an ERISA claim which the parties agree does not have to be more particularly alleged. The court notes Perrino v. Som-Bell Telephone & Telegraph Co., 209 F.3d 1309 (11th Cir. 2000) and Stewart v. KHD Deutz of America Corp., 75 F.3d 1522 (11th Cir. 1996).

THIS the 27 day of August 2001.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE